

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-2008

# Morgan v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2657

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Morgan v. Comm Social Security" (2008). *2008 Decisions.* Paper 408.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/408

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2657

———————

JODY A. MORGAN,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———————

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 06-cv-01659)
District Judge:  Hon. Stanley R. Chesler

———————

Submitted under Third Circuit LAR 34.1(a)
on June 26, 2008

Before:  SLOVITER, BARRY and ROTH, <u>Circuit Judges</u>

(filed: October 6, 2008 )

———————

O P I N I O N

———————

**ROTH**, <u>Circuit Judge</u>:

Jody Morgan appeals from a judgment by the District Court affirming the denial of her application for Social Security Disability benefits. Finding that the decision of the Administrative Law Judge (ALJ) is supported by substantial evidence, we will affirm the judgment of the District Court.

## I.  **BACKGROUND**

Because we write primarily for the benefit of the parties, we will only briefly review the facts and the proceedings below.

Prior to 2003, Morgan worked as a housecleaner. Morgan stopped working in March 2003, allegedly because of a psychological condition that caused her to talk to herself while working, be fearful of others, have panic attacks, and suffer from depression. She testified that she had panic attacks at work that would require her to stop and focus before she could continue with the task at hand. Morgan further testified that she experienced back pain during these panic attacks. This problem allegedly makes it difficult for her to concentrate on anything.

The record indicates that Morgan was evaluated by physicians on several occasions. One psychiatrist evaluated her ability to relate to co-workers and deal with work stress as poor or non-existent. However, the other examiners each evaluated Morgan's capabilities as sufficient to perform her job as a housecleaner.

Morgan filed an application for DIB and SSI benefits on July 24, 2003. The Social

Security Administration denied her application on December 8, 2003. Morgan filed a request for reconsideration on January 9, 2004. The denial was affirmed on April 20, 2004. Morgan requested a hearing, and she appeared before an ALJ on August 8, 2005. The ALJ issued a decision on November 21, 2005, finding that Morgan was not eligible for benefits. Morgan filed a petition for review with the District Court, which was denied on April 4, 2007. Morgan appealed.

The District Court had jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). We have jurisdiction to review the decision of the District Court pursuant to 28 U.S.C. § 1291.

## II. DISCUSSION

We may review the factual findings of the Commissioner only to determine whether the administrative record contains substantial evidence for such findings. 42 U.S.C. § 405(g); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Our review of legal issues is plenary. *Sykes*, 228 F.3d at 262.

Eligibility for disability benefits is determined according to a five-step sequential analysis. *See* 20 C.F.R. § 404.1520. First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If

3

she is not, the Commissioner then reaches the second step and considers whether the claimant has a "severe impairment." 20 C.F.R. § 404.1520(c). If the impairment is severe, the Commissioner at the third step determines whether the claimant has an impairment or combination of impairments which is listed in Appendix 1 of the regulations, or is equal to a listed impairment. 20 C.F.R. § 404.1520(d). If the claimant does not have a listed impairment, the Commissioner proceeds to step four. 20 C.F.R. § 404.1520(e).

At the fourth step, the Commissioner determines whether, despite the severe impairment, the claimant has the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(e). If so, she will be found not disabled and the analysis need not proceed to the fifth step. Only the fourth step is at issue here.

Morgan argues on appeal that the ALJ erred in failing to give controlling weight to the evaluation by Dr. Hussain that she had poor or no ability to relate to co-workers or deal with work stress.

When confronted with conflicting evidence, an ALJ "may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (internal citations omitted). An ALJ is not required to give controlling weight to a treating physician's opinion, but may "afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Id*.

In this case, the ALJ explained the evidence that led her to conclude that Morgan had sufficient residual work capacity to perform the job of a housecleaner. The ALJ discussed the evaluations of Morgan's treating psychiatrist, the testimony of an independent medical expert, and the progress notes of Morgan's social worker. In addition, the ALJ specifically noted that she gave little weight to the assessment Morgan now emphasizes because it was based on Morgan's non-compliance with her treatment program rather than mental status and because it was inconsistent with the treating psychiatrist's progress notes. The array of medical opinions in the record provides substantial evidence supporting the ALJ's decision, and the ALJ's thorough analysis of the evidence was sufficient to support her judgment.

## III.  CONCLUSION

For the foregoing reasons, we will affirm the decision of the District Court.